AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 2:21-mj-550
)
THE CELLULAR TELEPHONE ASSIGNED )
CALL NUMBER 857-370-1113 )
)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of New Jersey , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 401(3) | Contempt of Court |

The application is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jeremy Copeland / Task Force Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone *(specify reliable electronic means)*.

Date: 8/19/2021

Chelsey M. Vascura *Judge's signature*
United States Magistrate Judge
*Printed name and title*

City and state: Columbus, Ohio

IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER 857-370-1113 | Case No. 2:21-mj-550<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Jeremy Copeland, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 857-370-1113, currently being used by Denia Idelca AVILA (the "Target Cell Phone"), whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way Parsippany, New Jersey 07054. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a law enforcement agent with the Department of Homeland Security, United States Customs and Border Protection, United States Border Patrol, and have been since June of

2008. I have over 12 years of total law enforcement training and experience to include, but not limited to, the detection and apprehension of undocumented foreign nationals, the detection and investigation of the sale/use of fraudulent documents and the apprehension of fraudulent document users (imposters), and the detection and arrest of narcotics and human smugglers/traffickers and other criminal individuals. I have been trained in the laws of search and seizure at the United States Border Patrol Academy in Artesia, New Mexico and have received subsequent training in the utilization, preparation, and execution of search and seizure warrants as a member of a Sector Intelligence Unit.

4. I have over five years specialized experience as a member of a Sector Intelligence Unit, for the purposes of conducting intelligence driven operations, collection, and investigations. I have interviewed, witnessed the interview of, and participated in the debriefing of numerous illegal aliens and criminals. Through this experience, I have gained in depth knowledge concerning the trade of fraudulent documents and smuggling techniques. I have investigated both criminal and administrative violations of law pertaining to immigration, identity theft, and other federal crimes.

5. I am currently assigned to the Department of Homeland Security - Homeland Security Investigations Office, Columbus, as a Task Force Agent. As such, I have been directly involved in and supported all aspects of criminal investigation to include interviewing subjects, gathering facts, correlating information, and building criminal cases for prosecution in the Southern District of Ohio.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended

to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 401(3) (Contempt of Court) have been committed and are being committed by AVILA. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

8. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

*Pertinent Procedural History*

9. On July 15, 2020, AVILA was charged by way of a criminal complaint with Conspiracy to Commit Kidnapping, Attempted Kidnapping, and Conspiracy to Impersonate an Agent of the United States. At her initial appearance on July 16, 2020, Magistrate Judge Chelsey M. Vascura ordered certain conditions of release, including that AVILA's travel be restricted to the Southern District of Ohio and participation in GPS location monitoring. (Doc. #6.) On June 3, 2021, AVILA was charged in a Second Superseding Indictment with Conspiracy to Commit Kidnapping, Attempted Kidnapping, Conspiracy to Impersonate an Agent of the United States and Conspiracy to Witness Tamper. (Doc. #147.) During her arraignment on June 9, 2021, AVILA orally moved to remove the GPS location monitoring condition of her release. The United States objected. Chief Judge Algenon L. Marbley indicated the condition would be removed; the United States subsequently filed an unopposed motion to maintain the condition

3

that AVILA is not permitted to enter the same area previously proscribed surrounding the victims while she had been subject to GPS monitoring. (Doc. #158.) The district court granted the motion, leaving the only alteration to AVILA's bond conditions that she is not subject to GPS monitoring. (Doc. #159.)

*Travel Outside the Southern District of Ohio*

10. The United States, including Homeland Security Investigations, is conducting a criminal investigation of AVILA regarding possible violations of 18 U.S.C. § 401(3) (Contempt of Court) related to information it received that indicates AVILA has traveled outside the Southern District of Ohio, in violation of her bond conditions ordered pursuant to 18 U.S.C. § 3142(c).

11. Between on or about August 17, 2021 and August 19, 2021, law enforcement learned from Cooperating Sources (CS) that AVILA had been dropped off at a Greyhound bus station on or about August 15, 2021 and was headed to New York for at least several days though a specific duration was not known and at least one purpose of the trip was to get a passport. CS indicated that AVILA's cellular telephone number is 857-370-1113, the Target Cell Phone. At least one CS had communicated with AVILA using the Target Cell Phone two days ago.

12. On August 18, 2021, AVILA's Pretrial Services Officer Frank Clardy confirmed that she is not allowed to travel outside of the Southern District of Ohio without permission from the court. He further confirmed that AVILA had not made any requests to him for such travel. The docket, likewise, reflects no motions for travel outside of the district.

13. As set forth above, AVILA is not permitted to leave the Southern District of Ohio without permission from the court. This was a clear and reasonably specific order set forth in her

conditions of release. There is probable cause that she has violated this order. The requested warrant would assist law enforcement in corroborating the witness statements about AVILA's travel and gathering evidence as to AVILA's current location.

14. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

16. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as

defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

21. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Jeremy Copeland
Task Force Officer
Department of Homeland Security


Subscribed and sworn to before me on ___August 19, 2021___, XXXXXX

_____
UNITED STATES MAGISTRATE JUDGE

8

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 857-370-1113, currently being used by Denia Idelca AVILA (the "Target Cell Phone"), whose wireless service provider is T-Mobile, a company headquartered at 4 Sylvan Way Parsippany, New Jersey 07054.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 401(3) (Contempt of Court) involving Denia Idelca AVILA.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.